UNITED STATES *v.* WM. A. FOSTER & CO., INC. (STANDARD ROLLING MILLS, INC.)

No. 6175.—Invoices dated Grevenbroich, Germany, July 24, 1936, etc.
   Certified July 30, 1936, etc.
   Entered at New York, N. Y., August 15, 1936, etc.
   Entry No. 718840, etc.

Third Division; Appellate Term

(Decided June 22, 1945)

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellant.
*Eugene R. Pickrell* (*Eugene A. Chase* of counsel) for the appellee.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This is an application for review of a decision and judgment of a single judge (Reap. Dec. 5983) as to the value for duty purposes of importations of aluminum foil exported from Ger-

·many during a period from July through November 1936. Five appeals were consolidated for trial. The court below held that the proper basis of value was the export value as defined in section 402 (d) of the Tariff Act of 1930 and that such value was the entered value, and not the foreign value as found by the appraiser.

The ·aluminum foil involved is described on the invoices as plain white and was imported in rolls of varying widths. It was invoiced at prices f. o. b. New York, duty paid, which prices ranged from 41 cents to 47 cents per pound according to thickness. In making entry the importer deducted from the invoice prices for duty, freight, insurance, and incidental charges. The appraiser found foreign values in reichsmarks of 3.50, 3.40, 3.35, 3.00, 2.90, and 2.85, per kilo, according to varying gauges, less 2 per centum, plus cases and packing. ·· :

During the course of the trial counsel for the Government moved to suspend the cases for the duration of the war under the provisions of the Trading with the Enemy Act, which motion was denied by the judge below. We find no error in the denial of the motion. The appellee herein, Wm. A. Foster & Co., Inc., the customhouse broker for Standard Rolling Mills, Inc., is an American corporation. So is Bradley & Baker, the fiscal agent in the United States for the German manufacturer of this aluminum foil.

On the merits the plaintiff introduced the testimony of two witnesses together with documentary evidence consisting of a written agreement between Bradley & Baker and the German manufacturer of this foil, effective during the period of these exportations; a confirmation of a sale of foil given by the manufacturer to Standard Rolling Mills, Inc.; the bookkeeping record of Standard Rolling Mills, Inc., showing payment for a portion of the merchandise covered by Reappraisement 129024–A; and five affidavits.

A consideration of this evidence discloses that the sale and use of this foil in Germany were restricted, as to persons who could buy, as to use, and as to resale. Furthermore, the evidence shows that the. aluminum foil sold in Germany was not such as nor similar to that sold for export to the United States. Therefore we find no error in the decision of the judge below that there was no foreign value for this merchandise.

It is interesting to note that the same questions we have before us in this case have been before the court on two previous occasions in connection with foil exported during the period covered by the cases now before us. See *F. C. Gerlach & Co. et al.* v. *United States*, Reap. Dec. 5084, affirmed in Reap. Dec. 5443, and *Nicholas Gal* v. *United States*, Reap. Dec. 5948, remanded on stipulation in Reap. Dec. 6022, and decided on remand in accordance with stipulation of counsel in Reap. Dec. 6025. Although these records have not been incorporated herein the decisions disclose that upon evidence of the same purport as

that introduced before the court below in the instant case, or upon agreement of counsel, it was held that there was no foreign value and that the export value was the proper basis for appraisement.

From the testimony of the two witnesses produced on behalf of the appellee herein (appellant below) together with the exhibits, which evidence was not refuted by the Government, it is the opinion of the court that the proper basis of valuation is the export value and that such value is represented by the entered values in each case, as found by the judge below. We therefore find and so hold that the decision below should be and the same is hereby affirmed.

Judgment will be rendered accordingly.